UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WARREN JOSEPH                          *       CIVIL ACTION NO:          DIV:
                                       *
v.                                     *
                                       *       JUDGE
MAJOR CRAIG WHITE;                     *
CAPTAIN WILLIE WASHINGTON; and *       MAGISTRATE JUDGE
CAPTAIN JOHN WELLS                     *
************************************************

## COMPLAINT FOR DAMAGES

Now into court, through undersigned counsel, comes **WARREN JOSEPH** for all injuries incurred as a result of the actions of defendants in deliberate indifference to constitutional rights in their failure to protect plaintiff, in violation of the Eighth Amendment to the U.S. Constitution for failure to protect, failure to intervene, and other wrongs or other causes as follows:

1.

### Jurisdiction

The jurisdiction of this Honorable Court is invoked Pursuant to 28 USC § 1331 "Federal Question" and accordingly plaintiff specifically seeks relief pursuant to the 28 USC § 1983 for injuries, damages and other losses as well as supplemental jurisdiction pursuant to 28 USC § 1367 over all state law claims.

2.

### Venue

Venue is proper pursuant to 28 USC § 1391 (b)(D(2) in that the Plaintiff and Defendants reside and are located in Iberville Parish at the time of the incident and the events or omissions giving rise to the claims herein occurred at EHCC which is within this judicial district.

3.

### EXHAUSTION

The incident took place on February 25, 2016.  All Administrative Remedies were

exhausted through Second Step issued in EHCC 2016-183 on June 3, 2016.

4.

**Parties**

**PLAINTIFF:**

**WARREN JOSEPH** is a major who is currently incarcerated in the Elayn Hunt Correctional Center, DOC #133014, and who was an inmate at that facility where he was attacked and injured.

**DEFENDANTS:**

**MAJOR CRAIG WHITE** is a major, who is employed by the Elayn Hunt Correctional Center and who was acting within the course and scope of his employment during all material times herein and under the color of state law and amenable to service of process at Elayn Hunt Correctional Center on any employee of suitable age and discernment.

**CAPTAIN WILLIE WASHINGTON** is a major, who is employed by the Elayn Hunt Correctional Center and who was acting within the course and scope of his employment during all material times herein and under the color of state law and amenable to service of process at Elayn Hunt Correctional Center on any employee of suitable age and discernment.

**CAPTAIN JOHN WELLS** is a major, who is employed by the Elayn Hunt Correctional Center and who was acting within the course and scope of his employment during all material times herein and under the color of state law and amenable to service of process at Elayn Hunt Correctional Center on any employee of suitable age and discernment.

5.

GENERAL ALLEGATIONS

On February 25, 2016, WARREN JOSEPH was a doc inmate housed at the EHCC.

6.

On February 25, 2016, WARREN JOSEPH during the 4 p.m. count time, CAPTAIN WILLIE WASHINGTON came to the Fox 6 A tier and woke WARREN JOSEPH from his sleep. The dorm Sergeant Young had all fellow offenders sitting on their assigned beds for count.

7.

CAPTAIN WILLIE WASHINGTON ordered WARREN JOSEPH to "get up Joseph, and pack your shit! You're getting locked up!" WARREN JOSEPH asked CAPTAIN WILLIE WASHINGTON, "Where's the write-up for me to sign?" and inquired as to what he was being written up for.

8.

CAPTAIN WILLIE WASHINGTON, then responded "Motherf!!! put your hands behind your back!" WARREN JOSEPH asked to see MAJOR CRAIG WHITE. CAPTAIN WILLIE WASHINGTON ordered WARREN JOSEPH to walk to the front of the dorm from bed 11 on Fox -6 A Tier.

9.

Once WARREN JOSEPH made it to the front door of Fox-6 as ordered, MAJOR CRAIG WHITE and Sergeant Martell were there. Major White ordered WARREN JOSEPH to put his hands behind his back and be restrained.

10.

As soon as WARREN JOSEPH was restrained, CAPTAIN WILLIE WASHINGTON punched WARREN JOSEPH in the face on the right side and struck with several punches to the right eye and right jaw, knocking WARREN JOSEPH to the ground in front of the Fox-6 dorm. MAJOR CRAIG WHITE failed to intervene and beating and violence escalated.

11.

Captain Washington then began to violently stomp and kick WARREN JOSEPH and kicked him between the legs and stomped on him on his right arm and wrist area.

12.

Finally, MAJOR CRAIG WHITE said, "Hold on Washington! Stop! That's enough!"

13.

WARREN JOSEPH was brought to his feet and by then inmates from Fox 5 and 6 were hollering from the windows to stop.

14.

WARREN JOSEPH spit in CAPTAIN WILLIE WASHINGTON's face and CAPTAIN WILLIE WASHINGTON spit back and again attacked WARREN JOSEPH.  CAPTAIN JOHN WELLS then rode up on a bike while cursing and yelling.

15.

While WARREN JOSEPH was on the ground CAPTAIN JOHN WELLS stomped, kicked and punched and tried to break WARREN JOSEPH'S right arm.  Inmates were yelling for them to stop.  MAJOR CRAIG WHITE failed to intervene.

16.

After the Unit 3.WCB inmate walk was cleared, WARREN JOSEPH was taken into a vacant office and thrown to the floor and again beaten.  Lt. Slater was ordered to remove the cuffs.  CAPTAIN WILLIE WASHINGTON finally told CAPTAIN JOHN WELLS "That's enough! Bring that son of a bitch to Beaver 2!"  CAPTAIN JOHN WELLS brought WARREN JOSEPH to Beaver-2 and maced him.

17.

Later that day, WARREN JOSEPH was brought to ATU.  EMT Almadovor saw WARREN JOSEPH and said he had a laceration and cuts on the wrist and a swollen right eye.  EMT Almodovor had WARREN JOSEPH complete a statement to attach to the

medical report.

18.

The next day Dr. Monroe ordered a facial examination.  She saw the right eye swollen and right side of the face.  She also saw bruises and lacerations.  It is believed that these medical records are now missing.

19.

MAJOR CRAIG WHITE was wearing a body camera and there should be footage from the walk incident by Fox -6 Dorm front door.

20.

WARREN JOSEPH was asked to take a polygraph and it is unknown whether the GUARDS involved were given a polygraph.  All defendants involved in this incident should be polygraphed.

21.

WARREN JOSEPH had serious pain to his arm and face and body.  His head was swollen.  He has injuries to his head and right arm, right elbow, lower back, right hip and right leg.

22.

MAJOR CRAIG WHITE was wearing a body camera at the time.

23.

No photographs were taken of WARREN JOSEPH's injuries.  There was an investigation by Craig White, but no polygraphs were given to any of the guards involved.

24.

The Constitution, statutes, rules and regulations enacted to protect inmates were disregarded.

25.

La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public

Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, lac 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).

> A. The secretary of the Department of Public safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates sentenced to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. **Corporal punishment is prohibited.**

26.

Beating an inmate who is in restraints and begging for mercy is per se unreasonable behavior.

27.

The Regulations enacted by the Secretary include Department Regulation no. c-02-006 (12), addressing the use of chemical agents, as follows:

> A.    Chemical agents... shall not be used as punishment under any circumstances and may be used against an offender... only in the following circumstances:
> 1)    To quell a riot and/or prevent loss of life, serious injury to persons(s) and/or extensive destruction of property;
> 2)    To quell a disturbance that could lead to a serious situation which m ay jeopardize the safety, security and good order of the institution; or
> 3)    To regain control of the institution or part of it.
> B)    The use of chemical agents, ... is considered a use of force. When used, only the minimum amount of force necessary to control the situation shall be used. . . .
> C)    A determination for corporate or mass use of chemical agents, . . . shall be made by the warden or designee . . .
> D)    Chemical agents, . .. shall not:
> 1)    Be used on those offenders who remain passive in their cells without causing a disturbance or becoming hostile **unless the offender continuously defies orders to come to the bars of the cell**, a determination for use under these circumstances, or against an individual offender, should be made by the highest ranking supervisor on duty in the area where the incident is occurring.

28.

In the alternative, these guards have similarly attacked other inmates.

29.

In the alternative, where the guards or other guards may have committed the same acts on other inmates that is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same constitutes a deliberate indifference to the constitutional rights of a detainee. All rights are reserved herein to name additional defendants pending discovery.

30.

It was unreasonable for Defendant(s) to use force on Plaintiff when he was not resisting and when he was no longer resisting or attempting to flee or, otherwise, commit any crime.

31.

Use of force was unnecessary and excessive to any need and/or there was no need for use of force under the 4th and 8th Amendments and the circumstances presented.

32.

Whether there was other policy and practice in place at the EHCC pertaining to the use of force, which policy was violated and which caused or contributed to the injuries, is unknown at this time.

33.

One or more of the Defendants acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

34.

Violating numerous inmates rights and failure to follow rules and regulations implemented for the protection of inmates constitutes deliberate indifference.

35.

The following claims for relief are pled collectively and in the alternative.

36.

## INJURIES

The Plaintiff suffered acute injury and multiple serious and prolonged injury which include but are not limited to his arm, neck, back, ribs, back of legs, and face, discomfort, humiliation, burning of respiratory system, pain and suffering, mental and emotional injury, medical and pharmaceutical expenses, and lost wages.

37.

## FIRST CLAIM FOR RELIEF

SECTION 1983 VIOLATION OF CIVIL RIGHTS

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

Under the color of State and local law, Defendants violated the Plaintiff's 4th, 8th and/or 14th Amendment right to be free from use of corporal punishment, unnecessary and/or excessive force while being seized and/or detained by the Defendants.

38.

Guards are prohibited by state law from using corporal punishment on prisoners. La. R.S. 15:829.

39.

Use of corporal punishment was prohibited and/or force was unnecessary and/or excessive to any need and/or there was no need for use of force under the 4th or 8th Amendment and the circumstances presented.

40.

The guards violated multiple state laws and rules and regulations.

41.

The conduct of the Defendants was extreme and outrageous.

42.

Defendants acted in a manner that was in wanton or reckless disregard or with

malice or willfulness to cause injury and violate constitutional rights.

43.

## SECOND CLAIM FOR RELIEF COSTS AND ATTORNEY FEES

Plaintiff seeks relief in the form of attorney's fees and cost pursuant to 42 USC § 1988 and punitive damages pursuant to 28 USC § 1983.

Wherefore, Plaintiff prays that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the Plaintiff against the Defendants with legal interest from the date of demand as follows:

a.      Physical pain and suffering;

b.      Physical injuries;

c.      for emotional and mental distress, pain and suffering, humiliation, embarrassment and loss of employment opportunities;

d.      Medical, hospital and pharmaceutical bills and services past, present, and future;

e.      inconvenience;

f.      Lost wages;

g.      All litigation expenses;

h.      For attorneys fees and for costs as may be allowable by law; and

j.      For such other relief that the Court may deem just, equitable, or proper.

Respectfully submitted:

s/ Donna U. Grodner

Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919  FAX (225) 769-1997